IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00334-BNB

JEFFREY ALLEN PHILLIPS,

Plaintiff,

v.

DR. TIONA, Kit Carson Correctional Center,
WARDEN BRILL, Kit Carson Correctional Center, and
HEALTH ADMINISTRATOR MS. GRAY, Kit Carson Correctional Center,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jeffrey Allen Phillips, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Phillips filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act (ADA) for money damages and declaratory and injunctive relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Phillips's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Phillips will be directed to file an amended complaint.

The gist of Mr. Phillips complaint appears to be that the defendants have deprived him of adequate medical care for a broken ankle because they have denied him a wheelchair. On the basis of these allegations, he contends that the defendants

have been deliberately indifferent to his serious medical needs, have violated the ADA, and have subjected him to cruel and unusual punishment.

Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The complaint Mr. Phillips has filed is difficult to read because it is single-spaced and written in all capital letters. The amended complaint Mr. Phillips will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Mr. Phillips's complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal

2

pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Phillips to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Phillips fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The complaint is verbose and repetitive. Although Mr. Phillips asserts three claims for relief, each of which concerns his alleged lack of medical care, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the complaint is excessively and unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Phillips will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Phillips is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint he will be directed to file, Mr. Phillips must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d

3

1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Phillips must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Phillips may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Phillips uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Phillips, therefore, will be directed to file an amended complaint that is legible, states his claims clearly and concisely, asserts what rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Jeffrey Allen Phillips, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Phillips, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Phillips fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice. It is

DATED May 6, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00334-BNB

Jeffrey Allen Phillips
Prisoner No. 52291
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/6/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk