IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 20 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00334-BNB

JEFFREY ALLEN PHILLIPS,

    Plaintiff,

v.

SUSAN TIONA, Doctor for Kit Carson Correctional Center,
HOYT BRILL, Warden for Kit Carson Correctional Center, and
JODI GRAY, Health Administrator [for] Kit Carson Correctional Center,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE
## SECOND AND FINAL AMENDED COMPLAINT

    Plaintiff, Jeffrey Allen Phillips, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Phillips filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101-12133, for money damages and declaratory and injunctive relief. He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On May 6, 2010, I ordered Mr. Phillips to file within thirty days an amended complaint that was double-spaced and written legibly in capital and lower-case letters in compliance with D.C.COLO.LCivR 10.1E. and G., complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and asserted the personal participation of each named defendant. On June 2, 2010, Mr. Phillips filed an amended complaint and a supporting brief.

The Court must construe Mr. Phillips's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Phillips will be directed to file a second and final amended complaint.

The gist of Mr. Phillips amended complaint appears to be that post-operative care for his right ankle has been delayed or inadequate and that he has not been provided with adequate handicapped shower facilities. Having reviewed the amended complaint and supporting brief that Mr. Phillips filed on June 2, I find that they fail to comply with the pleading requirements of Fed. R. Civ. P. 8. As I previously informed Mr. Phillips, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a)

2

and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Although the list of defendants has remained the same, the page length of the amended complaint has increased from 17 to 21 pages, an additional 43 pages has been added by the supporting brief and attached exhibits, the numbering of the attached exhibits does not correspond with references to the exhibits in the text of the amended complaint and supporting brief, and the unnecessary wordiness of his allegations has increased.

As the jurisdictional basis for his claims, Mr. Phillips still cites to the ADA, *see* amended complaint at 15, supporting brief at 18, as well as to § 1983. Mr. Phillips still asserts three claims against three defendants. However, the claims contain verbose and often repetitive allegations, many of which are repeated in the supporting brief. Mr. Phillips apparently expects the Court and the defendant to piece together the allegations in the complaint with the allegations in the supporting brief. That is not a judicial function. Nor is it the defendants' responsibility. It is Mr. Phillips's job to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Phillips clearly misunderstands that, to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). He again sets forth an extended and

unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

As a result, the Court finds that the amended complaint, as supplemented by the supporting brief, is confusing and unnecessarily long. Whatever arguable claims Mr. Phillips may assert, he has buried in prolixity. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Mr. Phillips will be directed to file a second and final amended complaint that complies with the pleading requirements of Rule 8.

Mr. Phillips is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Phillips's goal should not be to see how many repetitive allegations about his medical condition he can fit into two separate documents, but rather to assert his claims in as clear and concise manner as possible in a single pleading.

In the second and final amended complaint he will be directed to file, Mr. Phillips must assert personal participation by each named defendant. *See Bennett v. Passic*,

545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Phillips must name and show how named defendants caused a deprivation of his federal rights. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Phillips may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Phillips uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Phillips, therefore, will be directed to file a second and final amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction, states his claims clearly and concisely, asserts which claim is asserted pursuant to which statute, alleges what rights were violated, and also alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Jeffrey Allen Phillips, file **within thirty days from the date of this order** a second and final amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Phillips, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the second and final amended complaint. It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Phillips fails to file a second and final amended complaint as directed within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED July 20, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00334-BNB

Jeffrey Allen Phillips
Prisoner No. 52291
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7/20/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk