IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00334–PAB–KMT

JEFFREY ALLEN PHILLIPS,

    Plaintiff,

v.

SUSAN TIONA, Doctor, Kit Carson Correctional Center,
HOYT BRILL, Warden, Kit Carson Correctional Center,
JODI GRAY, Health Administrator, Kit Carson Correctional Center, and
CORRECTIONS CORPORATION OF AMERICA, owner of private prison KCCC,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff's "Motion for a Protective Order" ("Mot.") [Doc. No. 102, filed December 14, 2010]. Defendants responded on January 20, 2011 ("Resp."). [Doc. No. 146.] For reasons set forth below, Plaintiff's motion is denied.

    This case involves allegations of medical mismanagement and unsanitary and/or non-handicapped compatible conditions of confinement arising out of an incident wherein plaintiff broke his right ankle while in community corrections. See Second and Final Amended Complaint ("Compl.") [Doc. No. 41] filed August 18, 2010.

    The plaintiff was advised by this court on November 29, 2010 that he would be required to sign medical releases for records from various medical providers covering at least the time

period from the date of the incident, August 25, 2009, through present. [Doc. No. 95.] On December 7, 2010, Defendants sent Plaintiff five medical release forms for medical records "from doctors and facilities that treated Plaintiff during all relevant times." (Resp. at ¶ 2.) Plaintiff now seeks an order from the court protecting him from executing such releases on the grounds: 1) Defendants' request for all Plaintiff's medical records during the relevant time period is overbroad because certain medical conditions reflected records are "privileged" and "irrelevant"; 2) Defendants previously agreed to limit Plaintiff's medical releases to seeking information pertaining to Plaintiff's right ankle; 3) Plaintiff's social security number is listed on the medical releases submitted by Defendants; and, 4) Plaintiff's release of his medical records violates his Fifth Amendment right against self- incrimination.

The court has entered a Protective Order sufficient to protect Plaintiff's personal medical records from dissemination to the general public, so his objections on the grounds of privacy are not well-grounded. (See Doc. No. 122.) Further, Plaintiff's social security number is a necessary element for inclusion on medical releases. The releases will only be submitted to medical providers and are not available to the general public and, therefore, applicability of the Protective Order also renders Plaintiff's objection on the basis of inclusion of his social security number groundless.

Fed. R. Civ. P. 26(b) provides

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim <u>or defense</u>--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any

> discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

*Id.* (emphasis added).

Plaintiff's allegations include several which implicate personnel at the correctional facility changing or withholding Plaintiff's medication and other allegations that make the discovery of all of Plaintiff's medical conditions occurring at the time of the factual allegations in the complaint relevant pursuant to Fed. R. Civ. P. 26. To the extent Plaintiff may have been undergoing treatment for several conditions at one time, information concerning his other medical issues may be relevant to the defenses asserted by Defendants and are therefore relevant and discoverable.

Finally, Plaintiff claims "the Fifth (5th) Amendment to the United States Constitution provides a privilege against self-incrimination as "Claim (4) Four" in the Plaintiff Phillips case at hand in 10:CV-00334-PAB-KMT" as a ground to protect him from signing the medical releases. The Fifth Amendment provides that no person 'shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V; *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). The Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Id.*; *See also*, *Baxter v. Palmigiano,* 425 U.S. 308, 316 (1976).

An examination of Claim Four in the Complaint, at best, alleges that Defendant Gray obtained Plaintiff's medical records without Plaintiff's permission and used those records in a civil small claims court case in May of 2010. (Compl. Claim 4.) There is no allegation that this alleged mis-use of Plaintiff's medical records criminally inculpated him in any way or manner. In this Motion, Plaintiff does not assert any Fifth Amendment concerns which would be applicable to discovery of medical records obtained by Defendants in a civil action involving medical issues brought by the Plaintiff. Therefore, the court finds this objection to also be groundless.

Wherefore, it is ORDERED

1. Plaintiff's "Motion for a Protective Order" [Doc. No. 102] is DENIED. Plaintiff shall fully execute the proffered medical release forms and provide the originals to the Defendants *on or before February 19, 2011.* The time period to be covered by the medical releases shall begin no earlier than August 25, 2009.

The Plaintiff is advised that Fed. R. Civ. P. 37(b)(2)(A)(v) states: **"If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include ... (v) dismissing the action or proceeding in whole or in part;. . . ."** *Id.* (emphasis added).

It is further ORDERED

2. The Motion Hearing currently scheduled for February 14, 2011 at 10:00 a.m. is VACATED.

Dated this 9th day of February, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge