IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00334–PAB–KMT

JEFFREY ALLEN PHILLIPS,

    Plaintiff,

v.

SUSAN TIONA, Doctor, Kit Carson Correctional Center,
HOYT BRILL, Warden, Kit Carson Correctional Center,
JODI GRAY, Health Administrator, Kit Carson Correctional Center, and
CORRECTIONS CORPORATION OF AMERICA, owner of private prison KCCC,

    Defendants.

---

**ORDER**

---

    This matter is before the court on reconsideration of its Order striking numerous of Plaintiff's exhibits from the docket. (Doc. No. 164, filed 2/7/2011.) The court ordered numerous exhibits stricken because they were not attached to any pending motion; rather they were filed alone as free-standing docket entries. Plaintiff filed an appeal of this order to District Judge Philip A. Brimmer. (Doc. No. 175, filed 2/22/2011.)

    In his objections, Plaintiff insists that he has referred to the stricken exhibits in numerous filings. In support, Plaintiff states that in Docket Nos. 66, 78, and 79, he references Exhibit 3. This is irrelevant, however, as the court did not strike Exhibit 3 in the February 7, 2011 Order.

Plaintiff also states that in Docket No. 91, Plaintiff's "Motion for Clarification," he references Exhibit 21. This court notes, however, that Exhibit 21 was properly filed as an attachment to that motion. While the court did strike Exhibit 21 where it was filed as a free-standing document (Docket Nos. 124, 141 and 162), the court did not strike it as an Exhibit to Docket No. 91. Similarly, because Docket No. 98 references Exhibit 21 as attached to Docket No. 91, Plaintiff's argument in his objections regarding Docket No. 98 is inapposite.

Plaintiff also references Docket No. 108 and claims that it refers to Exhibit 14 and Exhibit 8. Docket No. 108 was stricken on December 21, 2010 because it was a surreply, and was not part of the court's February 7, 2011 Order striking Exhibits. Similarly, Plaintiff insists that Docket No. 110 refers to Exhibits 3, 8 and 9. Docket No. 110 appears to be a letter sent by Plaintiff to defense counsel. The court is unclear as to why it was filed with the Court. It does not appear to be an exhibit itself, nor is it a motion. Notwithstanding, it does not reference Exhibits 8 and 9 as Plaintiff claims and the reference to Exhibit 3 is inapposite as already explained. Plaintiff cites Docket No. 115 and claims that it refers to Exhibits 1, 2, 3, 4, 5 and 14. Docket No. 115 is a motion for appointment of counsel. One hundred and fifty-seven pages of exhibits are attached to the motion. Again, this argument is inapposite as the court did not strike the exhibits from Docket No. 115. Finally, Plaintiff cites a certificate of service dated February 3, 2011, which he claims refers to Exhibits 9, 21 and 26. The certificate of service for Plaintiff's Response to Defendant Brill's Motion to Dismiss (Doc. No. 161) is dated February 3, 2011, but does not refer to any exhibits.

Plaintiff also objects that it has taken him "over a year to make, copy, postage, white-out, correct, [and] mail to Defendants, with Certificate of Service to the Court" and that he "cannot replace these stricken documents and cannot afford to." (*Id.* at 4.) He asserts that, "in the future, when plaintiff references to this Court or the Defendants, the Court by striking Plaintiff [sic] Exhibits, will not be able to follow along when referencing to Exhibit (1) One, or Exhibit (14) Fourteen, or Exhibit (13) Thirteen, let alone Exhibit(s) (21) (4) (2) or (9)." (*Id.* at 3.)

The court now understands that Plaintiff has been filing exhibits with the court in an attempt to get them on file so that, in future motions, he could refer to the exhibits without having to repeatedly attach them. Although this is an improper procedure, with this explanation, the court will reverse its Order (Doc. No. 164) and unstrike the exhibits.

However, as the court's review *supra* of Plaintiff's objections demonstrates, there is substantial confusion on Plaintiff's part as to which documents reference which exhibits. The Court's Electronic Case Filing Procedures require electronic filers to attach exhibits to the main document, whether it be a pleading, motion, brief or other paper, when filing. *See* District of Colorado, Electronic Case Filing (ECF) Procedures, V.5.8.C. The court understands that, as a *pro se* prisoner, Plaintiff does not use ECF and must file his documents in paper form which will be scanned and uploaded by the court staff. *Id.* at I.1.2.E. However, this does not relieve Plaintiff of his obligation to attach exhibits to any motion, brief or other paper to which they correspond in order to maintain clarity in the docket. This will help avoid the confusion currently plaguing Plaintiff. Once an exhibit has been attached to a motion, brief or other paper, Plaintiff may incorporate it into later filings by referring back to the exhibit number AND the

docket number of the motion, brief or other paper that originally contained the exhibit. However, Plaintiff may not file any further free-standing exhibits. Any exhibits filed in the future that are not attached to a motion, brief or other paper will be stricken.

Moreover, Plaintiff must refer to the now unstricken exhibits by the docket number. It is a waste of judicial resources for the court to search the entire docket for an exhibit because it is not referenced by docket number. To this end, the court directs the Clerk to provide Plaintiff with a copy of the docket sheet, so that he may reference any exhibits previously filed by their correct docket number.

THEREFORE it is

ORDERED that the following documents are unstricken from the docket:

Doc. No. 81
Doc. No. 82
Doc. No. 120
Doc. No. 123
Doc. No. 124
Doc. No. 126
Doc. No. 127
Doc. No. 128
Doc. No. 129
Doc. No. 139
Doc. No. 140
Doc. No. 141
Doc. No. 143
Doc. No. 149
Doc. No. 150
Doc. No. 152
Doc. No. 154
Doc. No. 156
Doc. No. 162

It is FURTHER ORDERED that any exhibits filed in the future that are not attached to a motion, brief or other paper will be stricken; it is

FURTHER ORDERED that Plaintiff must reference all exhibits by Docket Number. The Clerk is directed to provide Plaintiff with a copy of the docket sheet.

Dated this 4th day of March, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge