## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Magistrate Judge Kathleen M. Tafoya

| | |
|---|---|
| **Civil Action No.** 10-cv-00334-PAB-KMT | FTR - Courtroom C-201 |
| **Date:** March 14, 2011 | Deputy Clerk, Emily Seamon |

| | |
|---|---|
| JEFFREY ALLEN PHILLIPS, | Pro Se |
|     Plaintiff, | |
| v. | |
| SUSAN TIONA, Doctor, Kit Carson Correctional Center, <br> HOYT BRILL, Warden, Kit Carson Correctional Center, <br> JODI GRAY, Health Administrator, Kit Carson Correctional Center, and <br> CORRECTIONS CORPORATION OF AMERICA, owner of private prison KCCC, | Emma Jane Skivington |
|     Defendants. | |

### COURTROOM MINUTES / MINUTE ORDER

**MOTION HEARING**
**Court in session: 10:37 a.m.**
Court calls case.  Appearance of counsel.  Plaintiff appears by telephone.

It is **ORDERED**:   Plaintiff shall file no more than one motion for each contested issue. Defendants are directed not to file a response to Plaintiff's motions unless they receive an order from the court and a briefing schedule requiring a response.

It is **ORDERED**:   Plaintiff's Motion for Cooperation in the Discovery [Doc. # 172 filed February 18, 2011] is **GRANTED IN PART AND DENIED IN PART**. Defendants' Motion for a Protective Order Regarding Deposition [Doc. # 173 filed February 21, 2011] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion for Cooperation in Discovery [Doc. # 185 filed March 4, 2011] is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's Motion for Appointment of an Officer,

for Notice of Written Deposition(s) [Doc. # 189 filed March 8, 2011] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff will be allowed to take depositions by way of written question pursuant to Fed. R. Civ. P. 31, however the Plaintiff will bear the costs of such depositions and will comply with the requirements of the Rule. If the Plaintiff files depositions upon written question, the Court directs that the Clerk send a copy of this Order to the superintendent or warden of the Kit Carson Correctional Facility, along with copies of the deposition questions and directs the superintendent to appoint a special examiner before whom depositions may be taken. This special examiner should be a notary public for the county in which Kit Carson resides. The duties of the officer before whom depositions upon written questions are taken are found in F.R.C.P. 30 and 31. The cost of any depositions taken under the terms of this Order shall include the cost of the tapes used in both tape recorders and the hourly pay of the special examiner, not including any portion of the employee's benefits package paid for by the employer, times the number of hours required to complete the depositions. The special examiner shall cause the responses to be tape recorded with the Plaintiff to bear the cost of the initial recording of the testimony and each party to bear the costs of transcribing the deposition responses if they elect to have them transcribed. Counsel for the Defendants may attend the taping of the depositions. At least two recorders shall be used simultaneously at the depositions so that there are two tapes (or CDs) of the testimony. One recording shall be provided to the Plaintiff; the other recording shall be placed in a sealed envelope at the close of the deposition, initialed by the special examiner taking the deposition and the deponent, and deposited with the Court. The Defendants may elect to make a third copy, but that will be at their own expense. This special examiner shall make an estimate of the cost of the depositions and advise the Plaintiff and the Court in writing of the estimated cost of the depositions before proceeding with them. If the Plaintiff does not wish to proceed after hearing the cost involved, he should notify the Court and the special examiner in writing within 7 days of receiving the cost estimate. If he wishes to proceed, he should authorize the amount of the deposition to be withdrawn from his prisoner trust account, understanding that the cost may ultimately be more or less than the estimate. Unless the Plaintiff advises that he does not wish to continue with the depositions, the special examiner may conduct the depositions by written questions on a date and time and at a place at Kit Carson Correctional Facility that is convenient to the special examiner and the deponent. At the conclusion of the depositions, the special examiner shall compute the actual cost of the depositions. If the

|  |  |
|---|---|
|  | cost proves to be less than the estimate, the facility should refund the difference to the Plaintiff's inmate trust account.  If the cost exceeds the estimate, then the plaintiff must pay the difference before taking delivery of the tape recording of the depositions. |
| It is **ORDERED**: | Plaintiff's Motion to Compel [Doc. # 197 filed March 10, 2011] is **GRANTED IN PART AND DENIED IN PART**.  Defendants shall provide to the Plaintiff on or before **March 18, 2011** the full names of the potential witnesses listed by the plaintiff and indicate whether or not they are current employees of Corrections Corporation of America. |
| It is **ORDERED**: | Plaintiff's Motion to Compel [Doc. # 188 filed March 8, 2011] is **GRANTED IN PART AND DENIED IN PART**.  Defendants shall provide more regarding Dr. Tiona's training with respect to the surgery about which plaintiff inquired. |
| It is **ORDERED**: | Defendants shall expand upon question number 19 by answering the question and referencing ADRs, policies and procedures. |

**Court in Recess: 11:28 a.m.**
Hearing concluded.
Total In-Court Time    00:51

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.