IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00334–PAB–KMT

JEFFREY ALLEN PHILLIPS,

      Plaintiff,

v.

SUSAN TIONA, Doctor, Kit Carson Correctional Center,
HOYT BRILL, Warden, Kit Carson Correctional Center,
JODI GRAY, Health Administrator, Kit Carson Correctional Center, and
CORRECTIONS CORPORATION OF AMERICA, owner of private prison KCCC,

      Defendants.

## ORDER

This matter is before the court on "Plaintiffs (sic) Final Motion to Compel and Cooperation in Discovery, et al. (sic)" [Doc. No. 244] filed May 26, 2011. The court has reviewed the Motion and has determined that a response by the Defendants is unnecessary. The Motion is **GRANTED** in part and **DENIED** in part as follows:

The Motion is **GRANTED** with respect to interrogatories 2 and 3 directed at Defendant Susan Tiona, a medical doctor. Those interrogatories read as follows: "2. Please describe in as much detail, the training you have received in Syndesmotic Screw placement and removal as a medical doctor;" and "3. Please describe in as much detail, the training and experiance (sic) in Orthopedic Suergery (sic) with regards to the removal of a 4.mm Syndesmotic Screw." (Mot. Ex. 5.5.) On two occasions, Dr. Tiona has responded by simply saying first that she "has current

board certification for her medical license" and then supplemented the response by saying "[d]fendant Tiona is board certified in Family Practice." As was explained by the court in detail at the March 14, 2011 hearing, merely stating that Dr. Tiona's credentials are current or that she has certain certifications is **not responsive** to the plaintiff's requests. (See Minutes, [Doc. No. 201].) Further, the court views answers such as these to be fundamentally lazy, showing a disregard and disrespect for the court and the civil litigation process.

The defendant is therefore **ORDERED** to respond in full **on or before June 7, 2011**, with specific reference to her training and experience in the use of syndesmotic[1] screws in the medical orthopaedic context, to Plaintiff's interrogatories to Defendant Tiona numbers 2 and 3. Further, the defendant is **ORDERED** at the same time to provide a full and complete explanation of why she continually referenced only her board certification as answers to these specifically directed questions regarding experience with specified medical processes and equipment and explain why she believed such references were full and complete, non-evasive, answers to the direct interrogatories.

---

[1] The court is unsure if Plaintiff's use of this term is medically correct. If it is not, Defendant Tiona should explain in detail why the use of this term is incorrect and respond to the interrogatories based on the type of screw which was specifically utilized in Plaintiff's referenced surgery.

The Motion is **DENIED** with respect to all other requests for admissions, interrogatories and requests for production contained in the Motion. The answers and objections submitted by the Defendants are adequate and responsive.

Dated this 27th day of May, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge