IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00334-PAB-KMT

JEFFREY ALLEN PHILLIPS,

      Plaintiff,

v.

SUSAN TIONA, Doctor, Kit Carson Correctional Center,
HOYT BRILL, Warden, Kit Carson Correctional Center,
JODI GRAY, Health Administrator, Kit Carson Correctional Center, and
CORRECTIONS CORPORATION OF AMERICA, Owner of Private Prison KCCC,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 200] filed on March 11, 2011. Plaintiff has brought claims alleging violations of (1) the Eighth Amendment pursuant to 42 U.S.C. § 1983, (2) the American with Disabilities Act ("ADA"), and (3) Section 504 of the Rehabilitation Act.[1]  Magistrate Judge Kathleen M. Tafoya recommends that the Court grant in part and deny in part the motions to dismiss filed by defendants Corrections Corporation of America ("CCA") [Docket No. 61] and Hoyt Brill, warden of the Kit Carson Correctional Center ("KCCC"), which is owned by CCA.  Magistrate Judge Tafoya further recommends that the Court dismiss plaintiff's claim pursuant to

---

[1]Plaintiff brought a claim pursuant to the Fifth Amendment which also invoked 42 C.F.R. Part 2.  Plaintiff has filed an unopposed motion to dismiss this claim, *see* Docket No. 168, which the Court will grant.

Section 504 of the Rehabilitation Act as to all defendants and grant plaintiff's "Motion to

Dismiss Claim (4) Four" [Docket No. 168].  Magistrate Judge Tafoya advised the parties

that they could file objections to the Recommendation within fourteen days of service of

the Recommendation.  *See* Docket No. 200 at 26.  Plaintiff filed timely objections

[Docket No. 208] to the Recommendation, and the Court, therefore, "determine[s] de

novo any part of the magistrate judge's disposition that has been properly objected to"

by plaintiff.  Fed. R. Civ. P. 72(b)(3).[2]  No other party has filed any timely objections to

the Recommendation.[3]

Plaintiff severely broke his ankle on August 25, 2009.  Dr. David Mathews

operated on the ankle the following day.  At the time, plaintiff was an inmate in the

custody of the Colorado Department of Corrections on "community corrections" status.

Plaintiff was transferred to the a county jail facility upon his discharge from the hospital.

Plaintiff alleges that Dr. Mathews instructed him not to bear any weight on his ankle

---

[2]The Court reviews the pro se plaintiff's filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3]On April 7, 2011, defendants CCA and Brill filed a "Response to Plaintiff's Objection to Recommendation and Order of United States Magistrate Judge" [Docket No. 212], in which they request, *inter alia*, that the Court "reject the Recommendation's denial of the Motions to Dismissal [sic] Plaintiff's ADA claims."  Docket No. 212 at 3, ¶ 3.  As defendants CCA and Brill recognize, "[f]ailure to object to a factual finding or legal conclusion in a magistrate judge's report results in a waiver of the right to appeal the particular issue to both the district court and the court of appeals."  Docket No. 212 at 2.  Defendants have failed to file timely objections and have not requested leave to file objections out of time.  In fact, defendants CCA and Brill do not acknowledge the untimeliness of their request.  Therefore, the Court concludes that defendants' untimely inclusion of their request in a response brief to plaintiff's objections (which do not address the ADA claims) is insufficient to trigger de novo review.  To the extent defendants assert jurisdictional arguments based upon changed facts, *see* Docket No. 212 at 7, ¶ 10, they shall file a separate motion requesting the particular relief.

until one of the screws inserted as part of the surgery was removed and further told plaintiff not to take ibuprofen as part of his recovery.

Plaintiff was transferred to the Kit Carson Correctional Center ("KCCC"), which is owned by defendant CCA, on October 8, 2009.  Plaintiff was on crutches and in a knee-high cast at the time of the transfer.  He alleges that he was not provided a wheelchair for purposes of receiving and transporting his meals in his cell and was not afforded a handicapped accessible shower.  Plaintiff also contends that prison personnel at KCCC did not follow the recovery instructions of Dr. Mathews.

Defendants CCA and Brill seek dismissal of all of plaintiff's claims.  Magistrate Judge Tafoya recommends that the Court deny CCA's motion to dismiss as to plaintiff's ADA claim.  CCA has not properly asserted an objection to this aspect of the Recommendation.  *See supra* n.3.  In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  In this matter, the Court has reviewed these portions of the Recommendation to ensure that there is "no clear error on the face of the record."[4]  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court concludes that there is no clear

---

[4]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

error and will adopt the recommendation that CCA's motion to dismiss be denied as to

plaintiff's ADA claim.  Furthermore, the Recommendation concluded that plaintiff had

failed to adequately state a § 1983 claim against CCA arising out of the Eighth

Amendment.  Plaintiff does not object to this aspect of the Recommendation,[5] and the

Court finds no clear error.  The Court, therefore, will accept the recommendation that

plaintiff's Eighth Amendment claim against CCA be dismissed.

Magistrate Judge Tafoya also recommends that the Court dismiss plaintiff's

Rehabilitation Act claim against CCA.  Section 504 of the Rehabilitation Act provides

that "[n]o otherwise qualified individual with a disability in the United States . . . shall,

solely by reason of her or his disability, be excluded from the participation in, be denied

the benefits of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance."  20 U.S.C. § 794(a).  "Because [plaintiff] failed to allege

that any program or activity implicated by the complaint received federal funds, h[is]

Rehabilitation Act claim[] . . . must be dismissed."  *Paulone v. City of Frederick*, 718 F.

Supp. 2d 626, 634 (D. Md. 2010)*; see Williams v. Smith*, 2010 WL 2816714, at *2

(M.D.N.C. July 15, 2010) ("Because the Complaint contains no allegations regarding

receipt of federal funds by that state agency, Plaintiff's Rehabilitation Act claim against

Defendant Smith in his official capacity fails as a matter of law.") (citing *Nelson v. Miller*,

170 F.3d 641, 653 n.8 (6th Cir. 1999); *Lightbourn v. County of El Paso, Tex.*, 118 F.3d

---

[5]As noted by plaintiff, he "has only . . . two objections."  Docket No. 208 at 2
(emphasis omitted).  He objects to the Recommendation's conclusion that he failed to
allege personal participation by defendant Brill in an Eighth Amendment violation and
its finding that he failed to adequately state a Rehabilitation Act claim.  *See generally*
Docket No. 208.

421, 427 (5th Cir. 1997); *Paulone*, 718 F. Supp. 2d at 634).

The Recommendation further concludes that, "because Plaintiff has not made any argument that he could amend his complaint to correct this deficiency, . . . allowing amendment would be futile and, therefore, recommends that Plaintiff's Section 504 claim be dismissed in its entirety against all Defendants."  Docket No. 200 at 24.  While the Court cannot determine from the present record whether amendment would be futile, the Court agrees that dismissal as to all defendants is warranted in light of plaintiff's failure to allege federal funding.

Turning to defendant Brill's motion to dismiss, the Court has already determined that plaintiff's Rehabilitation Act claim must be dismissed as to all defendants. Therefore, the Court will grant defendant Brill's motion to dismiss as to plaintiff's Rehabilitation Act claim.  In regard to plaintiff's ADA claim against defendant Brill, the Recommendation concluded that the complaint's "allegations are sufficient to state a claim against Defendant Brill under the ADA."  Docket No. 200 at 23.  Defendant Brill has not filed a proper objection to this conclusion, *see supra* n.3, and the Court finds no clear error in this aspect of the Recommendation.  Therefore, defendant Brill's motion to dismiss will be denied to the extent it seeks dismissal of plaintiff's ADA claim.

The Recommendation further found that plaintiff failed to allege a viable Eighth Amendment claim against defendant Brill.  Plaintiff alleges that Brill, as the warden of KCCC, was ultimately responsible for plaintiff's medical care and received a number of plaintiff's communications describing the need for the pin to be removed from plaintiff's ankle.  To state a viable Eighth Amendment claim against Brill, however, plaintiff must allege facts showing both that "the supervisor's subordinates violated the Constitution"

5

and "an 'affirmative link' between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006).[6]

Plaintiff alleged in his complaint that he was denied medical treatment prescribed by Dr. Mathews. *Cf. Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) ("[A] medical need is considered 'sufficiently serious' [for Eighth Amendment purposes] if the condition 'has been diagnosed by a physician as mandating treatment."). Plaintiff, however, has merely alleged that Brill was aware of plaintiff's concerns and referred the issue to medical personnel. This does not support a viable § 1983 claim against defendant Brill for violation of the Eighth Amendment. *See Serna*, 455 F.3d at 1151; *see also Arocho v. Nafziger*, 2010 WL 681679, at *11 (10th Cir. March 1, 2010) ("The complaint bespeaks nothing more than a warden's reasonable reliance on the judgment of prison medical staff, which *negates* rather than supports liability.") (citations omitted).

Finally, the Court notes that plaintiff filed an objection [Docket No. 175] to a Magistrate Judge order striking a number of plaintiff's exhibits [Docket No. 164]. The Magistrate Judge, however, ordered on March 4, 2011 that those exhibits be "unstricken from the docket." *See* Docket No. 183. The Court will therefore overrule plaintiff's objection as moot.

For the foregoing reasons, it is

---

[6]To the extent plaintiff seeks to recover based on the implementation of a policy, plaintiff must allege facts "demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 200] is ACCEPTED.  It is further

**ORDERED** that defendant CCA's motion to dismiss [Docket No. 61] is GRANTED in part and DENIED in part.  Plaintiff's Eighth Amendment claim and Rehabilitation Act claim against CCA are dismissed.  It is further

**ORDERED** that defendant Brill's motion to dismiss [Docket No. 125] is GRANTED in part and DENIED in part.  Plaintiff's Eighth Amendment claim and Rehabilitation Act claim against defendant Brill are dismissed.  It is further

**ORDERED** that plaintiff's Rehabilitation Act claim is dismissed as to defendants Susan Tiona and Jodi Gray.  It is further

**ORDERED** that plaintiff's motion to dismiss his fourth claim for relief [Docket No. 168] is GRANTED and plaintiff's fourth claim for relief is dismissed.  It is further

**ORDERED** that plaintiff's objection [Docket No. 175] to the Magistrate Judge's order striking exhibits [Docket No. 164] is OVERRULED as moot.  It is further

**ORDERED** that plaintiff's motion to strike [Docket No. 216] defendants' response to plaintiff's objections is DENIED as moot.

DATED June 7, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge