IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00334–PAB–KMT

JEFFREY ALLEN PHILLIPS,

    Plaintiff,

v.

SUSAN TIONA, Doctor, Kit Carson Correctional Center,
HOYT BRILL, Warden, Kit Carson Correctional Center,
JODI GRAY, Health Administrator, Kit Carson Correctional Center, and
CORRECTIONS CORPORATION OF AMERICA, owner of private prison KCCC,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff's "Motion for Cooperation in Discovery" [Doc. No. 230] (hereinafter "Mot.") filed May 6, 2011.  The defendants filed "Defendants' Response to Plaintiff's Motion for Cooperation in Discovery" [Doc. No. 236] on May 13, 2011 and, on May 16, 2011, filed "Defendants' Supplemental Response to Plaintiff's Motion for Cooperation in Discovery" [Doc. No. 238] (hereinafter "Supp. Resp.").  The issues are ripe for review and ruling.

    Plaintiff requests forced compliance with his demand that Defendants produce all "Step (3) Three Grievances" filed against the three individual defendants within the five-year period preceding Plaintiff's arrival at Kit Carson Correctional Center ("KCCC") on October 8, 2009.

(Mot. at 3.)  Plaintiff asserts that he is "trying to prove . . . that the Defendants Tiona, Dr[.] and Gray HSA (Health-Service Administrate (sic)) have [a] history of negligence, malpractice, disregard to substanial (sic) risk of harm to inmates (sic) serious needs, with a pattern of acting with "Deliberate Indifference" to all inmates in its (sic) custody within the previous (5) five years, before they violated this pro-se Plaintiff['s] United States Constitutional Rights under the Eighth Amend, to be free from "pain and suffering" and "Cruel and Unusual Punishment" 42-U.S.C.A[.]-8th Amend."  (Mot. at 2-3) (emphasis in original).

The Eighth Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain."  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A claim for deliberate indifference has both an objective and a subjective component.  To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a "sufficiently culpable state of mind."  *Id.*  The accused officials must "know of and disregard an excessive risk to inmate health and safety."  *Id.* at 837.  That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*

As to the individual defendants, proof of an Eighth Amendment violation requires that a plaintiff satisfy both the objective and subjective components as to each individual defendant for the specific violation(s) alleged.  No evidence of a pattern or practice engaged in by an

individual defendant would be relevant to prove knowledge of a specific, serious medical need of an individual inmate or to prove the specific mental culpability of a defendant with respect to that medical need.  As to Defendant CCA, a private entity which, in this case, will be treated under the standards applicable to municipal liability, evidence of the pattern and practice of the entity is, of course, relevant.  In order to find a private corporation such as CCA liable for constitutional violations, including those under the Eighth Amendment "a Plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct and causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

> [I]t is not enough for a § 1983 Plaintiff merely to identify conduct properly attributable to the municipality. The Plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).  A custom is a "persistent and widespread" practice that "constitutes the standard operating procedure of the local governmental entity" or in this case, the procedure of a private corporation acting under contract with such governmental entity.  *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).  Municipal liability only attaches where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475

U.S. 469, 472 (1986); *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1319 (10th Cir. 1998).

Although evidence of pattern and practice could be relevant and admissible against Defendant CCA generally, Plaintiff's Eighth Amendment claim against CCA has been dismissed by District Judge Daniel.  (*See* Amended Order [Doc. No. 250].)  Plaintiff's only remaining claim against CCA is for violation of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA").  Therefore, in order to be relevant, the evidence sought by Plaintiff to prove custom or policy would have to relate to the charge of violation of the ADA by CCA.[1]

Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  Title 42 U.S.C. § 12132.  "To state a claim under Title II, the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability."  *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).  A plaintiff alleging discrimination under Title III must show (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) that the

---

[1] As noted previously, Plaintiff's motion sought the contested discovery with respect to his Eighth Amendment claims.  The court, however, will also address the relevance of the requested discovery to any other allegation made by Plaintiff pursuant to the liberal treatment of pleadings submitted by *pro se* litigants.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

defendant failed to make reasonable modifications that would accommodate the plaintiff's disability, without fundamentally altering the nature of the public accommodation. *See Doe v. Oklahoma City University*, Case No. 10-6020, 2010 WL 5395011, at *2 (10th Cir. Nov. 2, 2010).

Evidence that other prisoners may have filed grievances against Defendants Tiona, Brill or Gray, unlimited by the nature of the grievance or any similarity to Plaintiff's alleged facts, would not be admissible at trial on the alleged violation of the ADA by CCA; such evidence would not tend to prove that Plaintiff was or was not disabled, that Defendant CCA was or was not a public or private entity covered by the provisions of the ADA, or that Plaintiff was or was not provided with the specific accommodations Plaintiff alleges he should have been accorded during the October–December, 2009 time period. The documents sought by Plaintiff in his discovery requests at issue are, therefore, not relevant pursuant to Fed. R. Civ. P. 26(b)(1). Step three grievances filed by other inmates in other circumstances which involve one or more of the three individual defendants in some manner would not only be inadmissible, but such documents also do not appear reasonably calculated to lead to the discovery of admissible evidence with respect to the ADA claim against CCA.

Further, Defendants aver that obtaining all step three grievances against the individual defendants would be impossible since, (1) all documents associated with inmate grievances are in the custody and control of non-party Colorado Department of Corrections, and (2) all documents associated with inmate grievances are maintained and referenced by the name of the inmate filer and/or unique grievance numbers and are not retrievable by reference to an accused prison employee. (Supp. Resp., Ex. A, Affidavit of Anthony A. DeCesaro, at ¶¶ 6 and 7.) The

court notes that discovery in the custody of non-parties is controlled by Fed. R. Civ. P. 45. Additionally, to the extent Rule 45 was invoked by Plaintiff with respect to this discovery request, the court finds that production of the discovery would be overly burdensome pursuant to Fed. R. Civ. P. 26(c), especially when weighed against the irrelevance of the documents.

It is therefore ORDERED

Plaintiff's "Motion for Cooperation in Discovery" [Doc. No. 230] is DENIED.

Dated this 30th day of June, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge